1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9
10

UNITED STATES OF AMERICA,

11

Plaintiff,

12

vs.

13

FRANKIE ROBINSON BUTLER AND
MICHAEL ANTHONY BELL

14

Defendants.

Case No.  CR06-0301RSL

ORDER DENYING DEFENDANT'S
MOTION TO SEVER

15
16

## I.  Introduction

17      This matter comes before the Court on defendant Michael Anthony Bell's "Motion to

18 Sever Defendants."  (Dkt. # 58).  Defendant contends he will be prejudiced if tried together with

19 co-defendant, Frankie Robinson Butler, and requests severance pursuant to Rule 14 of the

20 Federal Rules of Criminal Procedure.  The Government argues that Bell has failed to establish

21 prejudice, and should therefore be tried with Butler pursuant to Rule 8(b).

22                                    ## II.  Background

23      On January 29, 2006, Bell was arrested during a traffic stop of co-defendant Butler's

24 vehicle.  During a search of the vehicle, Seattle police officers recovered a loaded gun in a black

25 bag behind the driver's seat, three baggies of cocaine, Bell's cell phone, and $3400 in cash from

26 the center console.  Butler admitted having handled the gun, but said it belonged to his

27
28 ORDER DENYING DEFENDANT'S
MOTION TO SEVER- 1

girlfriend.  Police later learned that the gun was stolen, but Butler denied having stolen it.  Butler has five prior felony convictions.

Bell and Butler have both been charged with "possession of cocaine with intent to distribute."  Butler is also charged with "felon in possession of a firearm" and "carrying a firearm during and in relation to a drug trafficking crime."  The "felon in possession of a firearm" charge will be tried separately from the other two charges in a bifurcated trial.

### III.  Discussion

Defendants may be charged in the same indictment pursuant to Rule 8(b) of the Federal Rules of Criminal Procedure.  To promote efficiency and judicial economy, courts prefer joint trials for defendants who have been indicted together.  Zafiro v. United States, 506 U.S. 534, 537 (1993).  However, even when joinder is proper under Rule 8(b), a court may order separate trials if joinder would prejudice a defendant.  Fed. R. Crim. P. 14.  A court should grant severance "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence."  Zafiro, 506 U.S. at 539.

Mutually antagonistic defenses are not prejudicial *per se*.[1]  Zafiro, 506 U.S. at 538.  Rather, the defendant seeking severance has the heavy burden of establishing "clear and manifest prejudice."  Tootick v. United States, 952 F.2d 1078, 1083 (9th Cir. 1991).  Clear and manifest prejudice exists if "the jury is unable to assess the guilt or innocence of each defendant on an individual and independent basis."  Id. at 1082.  Oftentimes limiting instructions are sufficient to remedy any prejudice that may arise due to a joinder of defendants.  Zafiro, 506 U.S. at 539.  Courts presume that jurors follow these instructions.  Richardson v. Marsh, 481 U.S. 200, 206 (1987).

---

[1]Defenses are mutually antagonistic where the core of the defenses are "'in conflict such that the jury, in order to believe the core of one defense, must necessarily disbelieve the core of the other.'" United States v. Sherlock, 962 F.2d 1349, 1363 (9th Cir. 1989) (quoting United States v. Romanello, 726 F.2d 173, 177 (5th Cir. 1984)).

Bell argues that severance is necessary because he and Butler will provide mutually antagonistic defenses. Specifically, he "anticipate[s] that at trial Mr. Butler will contend the drugs were exclusively Bell's." (Dkt. # 59). However, he does not provide information about his own defense, and how it will specifically conflict with Butler's defense. Bell also argues that he will be prejudiced by the introduction of evidence that would be inadmissible against him if tried alone, namely the firearm and Butler's five prior felony convictions. This is incorrect. The Court has already ruled that the firearm is admissible against both defendants as evidence of the defendants' collective intent to distribute cocaine. Thus, the gun would be admissible against Bell even if he was tried separately. Further, because the "felon in possession of firearm" charge will be tried separately from the other two charges, the evidence related to Butler's criminal convictions will not be introduced during the joint trial.

The Court finds that Bell and Butler are properly joined. Bell has not provided the Court with sufficient information to conclude that he and Butler have mutually antagonistic defenses. Even assuming Bell and Butler's defenses are mutually antagonistic, Bell has failed to establish that he will be clearly and manifestly prejudiced by a joint trial. The Court is satisfied that proper limiting instructions will enable the jury to assess the guilt or innocence of each defendant on an individual and independent basis.

### IV. Conclusion

For the foregoing reasons, the Court DENIES defendant Bell's "Motion to Sever Defendants." (Dkt. # 58).


DATED this 1st day of February, 2007.


Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANT'S
MOTION TO SEVER- 3